UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| JOSHUA LEE HOSKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 15-1134 |
| | ) | |
| K PRENTICE, *et al.* | ) | |
| | ) | |
| Defendants | ) | |

**<u>MERIT REVIEW OPINION</u>**

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and presently incarcerated at Menard Correctional Center, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging Eighth Amendment conditions-of-confinement claims that occurred while he was incarcerated at Pontiac Correctional Center.  The matter comes before this Court for merit review under 28 U.S.C. §1915A.  In reviewing the complaint, the Court takes all factual allegations as true, liberally construing them in Plaintiff's favor.  <u>Turley v. Rednour</u>, 729 F.3d 645, 649 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "state a

claim for relief that is plausible on its face." Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013) (internal citation omitted).

## FACTS

Plaintiff filed a 197-page Complaint naming 92 defendants. The handwritten Complaint details each interaction with officials at Pontiac Correctional Center ("Pontiac") for the time period beginning September 25, 2014, through December 27, 2014.

During that time, Plaintiff was housed in a cell that had feces smeared on the walls and no cold running water. Plaintiff alleges that he was denied showers, hygiene items, toilet paper, blankets, sheets, and clothing. Plaintiff alleges that he was forced to drink from the toilet because the running water in the cell was too hot for consumption. Plaintiff alleges, in great detail, that Pontiac officials were not responsive to his daily requests for help.

It appears that Plaintiff has sued every jail official at Pontiac with whom he had contact during that time period. The tenor of these conversations is the same: correctional lieutenants ordered that their subordinates not provide Plaintiff with the items he requested or take any steps to remedy the conditions within his cell. Plaintiff alleges that Defendant Prentice was responsible for his

initial placement within the cell, and that Defendants DeLong, Pierce, McGinnis, and Taylor ordered that Plaintiff not be helped.

## ANALYSIS

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Moreover, "[e]ach allegation must be simple, concise, and direct." Id. 8(d)(1). Plaintiff's Complaint is 197 handwritten pages long. Nevertheless, "undue length alone ordinarily does not justify the dismissal of an otherwise valid complaint." Stanard v. Nygren, 658 F.3d 792, 797-98 (7th Cir. 2011). "Fat in a complaint can be ignored, confusion or ambiguity dealt with by means other than dismissal." Bennett v. Schmidt, 153 F.3d 516, 518 (7th Cir. 1998).

To sufficiently state a conditions-of-confinement claim, Plaintiff must allege that the adverse conditions complained of were "sufficiently serious," such that the acts or omissions of prison officials giving rise to these conditions deprived the prisoner of a "minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Plaintiff's allegations that he was denied showers, hygiene products, blankets, sheets, and clothing while

living in a cell smeared with feces and no cold running water for a period of three (3) months sufficiently satisfies this requirement.

Next, Plaintiff must show that prison officials were "deliberately indifferent" to this deprivation. Deliberate indifference is more than negligence, but does not require the plaintiff to show that the defendants intended to cause harm. Mayoral v. Sheehan, 245 F.3d 934, 938 (7th Cir. 2001). Liability attaches under the Eighth Amendment when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. Plaintiff alleges that Defendant Prentice initially placed him in the cell and that Defendants DeLong, Pierce, McGinnis, and Taylor were aware of the alleged conditions Plaintiff was forced to endure. Still, these defendants refused to remedy the situation and, instead, ordered other jail staff to ignore Plaintiff's complaints. Therefore, Plaintiff has sufficiently alleged a conditions-of-confinement claim.

As for the remaining 87 defendants, it appears that these defendants either had no ability to remedy Plaintiff's situation

(medical staff), or were being ordered by their superior officers to do nothing (jail staff).  At this point, Plaintiff's claims shall proceed only against Defendants Prentice, DeLong, Pierce, McGinnis, and Taylor.  If, during the discovery phase, it becomes apparent that additional defendants should be added, Plaintiff may file a motion to amend complaint seeking to add these defendants.

**IT IS THEREFORE ORDERED:**

**1)    Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states the following claim: Eighth Amendment claim for inhumane conditions of confinement against Defendants Prentice, DeLong, Pierce, McGinnis, and Taylor.  Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.  All defendants except Prentice, DeLong, Pierce, McGinnis, and Taylor shall be dismissed.**

**2)    Plaintiff filed a Motion to Request Counsel [4]. Plaintiff has no constitutional or statutory right to counsel in this case.  In considering the Plaintiff's motion, the Court asks:**

(1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? <u>Pruitt v. Mote</u>, 503 F.3d 647, 654-55 (7th Cir. 2007) (citing <u>Farmer v. Haas</u>, 990 F.2d 319, 322 (7th Cir.1993)).  Plaintiff has not shown that he made reasonable efforts to obtain counsel on his own. A plaintiff normally does this by attaching copies of letters sent to attorneys requesting representation and copies of any responses received.  Because Plaintiff has not satisfied the first prong, the Court does not address the second.  Plaintiff's Motion [4] is DENIED with leave to renew.

 3) This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

4) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate

under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

7) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defense counsel has filed an appearance and the

Court has entered a scheduling order, which will explain the discovery process in more detail.

8) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

**12)   The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, <u>if not already done</u>, and to attempt service on Defendants pursuant to the standard procedures.**

**13)   Plaintiff's Motions to Amend Complaint [10][13] are DENIED with leave to renew.  Plaintiff did not attach a proposed amended complaint to either motion.**

**14)   Plaintiff's Motions [9][11][12] are DENIED as moot.**

ENTERED:       October 7, 2015

FOR THE COURT:

*s/Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
